IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHELLE DOTSON, BRIGITTE LOTT AND REGINALD STEPHENS INDIVIDUALLY, RONALD DOTSON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JANICE DOTSON-STEPHENS, DECEASED, *Plaintiffs,* | § § § § § § § § § | |
| *v.* | § § § | SA-19-CV-00151-XR |
| BEXAR COUNTY, BEXAR COUNTY HOSPITAL DISTRICT DBA UNIVERSITY HOSPITAL SYSTEM, BEXAR COUNTY PRE-TRIAL SERVICES, UNKOWN, UNNAMED OFFICERS/EMPLOYEES OF THE BEXAR COUNTY SHERIFF'S OFFICE, UNKOWN, UNNAMED OFFICERS/EMPLOYEES OF THE BEXAR COUNTY HOSPITAL DISTRICT DBA UNIVERSITY HEALTH SYSTEM, UNKNOWN, UNNAMED OFFICERS/EMPLOYEES OF THE BEXAR COUNTY PRE-TRIAL SERVICES, *Defendants,* | § § § § § § § § § § § § § § § § | |

**DEFENDANT MICHAEL KOHLLEPPEL'S ORIGINAL ANSWWER**

TO THE HONORABLE XAVIER RODRIGUEZ:

NOW COMES Defendant, Michael Kohlleppel, in the above styled and numbered cause and files this his *Original Answer* to *Plaintiff's First Amended Petition*. Defendant will respectfully show the following:

**1.** Pursuant to Federal Rule of Civil Procedure 8(b), Defendant Michael Kohlleppel denies each and every allegation contained in *Plaintiff's First Amended Petition* except those expressly admitted herein and demands strict proof thereof by a preponderance of the credible evidence.

2.      In relation to the averments contained in the paragraph immediately following the heading "*Plaintiff's First Amended Petition*," but before Paragraph No. 1 of *Plaintiff's First Amended Petition*, this is an introductory paragraph to Plaintiffs' suit which does not require an admission or denial by Defendant. However, to the extent it does, Defendant denies the averments contained in this paragraph.

3.      The averment contained in Paragraph No. 1 of *Plaintiff's First Amended Petition* relates to a Discovery Level designation for State court which does not require an admission or denial by Defendant. However, to the extent it does, Defendant denies the averment contained in this paragraph.

4.      The averments contained in Paragraph Nos. 2 through 5 of *Plaintiff's First Amended Petition* relate to the identification of Plaintiffs. Defendant is without sufficient information to admit or deny the averments contained in these paragraphs. Therefore, they are denied.

5.      The averment contained in Paragraph No. 6 of *Plaintiff's First Amended Petition* relates to a definition provided by Plaintiff which does not require an admission or denial by Defendant. However, to the extent it does, Defendant denies the averment contained in this paragraph.

6.      The averments contained in Paragraph Nos. 7 through 11 of *Plaintiff's First Amended Petition* relate to the identification of Defendants and information for service of process. Defendant is without sufficient information to admit or deny the averments contained in these paragraphs. Therefore, they are denied.

7.      In relation to the averments contained in Paragraph No. 12 of *Plaintiff's First Amended Petition*, Defendant admits that he is an SAPD officer and that he can be personally served with process individually at 315 South Santa Rosa, San Antonio, Texas 78207. As to the remainder of the averments contained in Paragraph No. 12, they are denied.

**8.**      Defendant admits to the averments contained in Paragraph No. 13 of *Plaintiff's First Amended Petition*.

**9.**      In relation to the averments contained in Paragraph Nos. 14 through 16 of *Plaintiff's First Amended Petition*, the averments relate to jurisdiction, venue and jurisdictional limits.  Defendant admits that jurisdiction and venue would be proper in this Court for the claims asserted by Plaintiffs.  However, Defendant denies any and all liability and damages for any claims being asserted by Plaintiffs.

**10.**      In relation to the averments contained in Paragraph Nos. 17 through 25 of *Plaintiff's First Amended Petition*, Defendant is without sufficient information to admit or deny the averments at this time.  Therefore, they are denied.

**11.**      Defendant denies the averments contained in Paragraph Nos. 26 through 31 of *Plaintiff's First Amended Petition*.

**12.**      Defendant denies the averments contained in "Counts" I through XXXIV set forth under the heading "*Index Causes of Action*" in *Plaintiff's First Amended Petition*.

**13.**      Defendant denies the averments contained in Paragraph No. 28 (mis-numbered) of *Plaintiff's First Amended Petition*.

**14.**      Defendant denies the averments contained in Paragraph Nos. 29 (mis-numbered), 29(a)–(c) (mis-numbered) and 30 (mis-numbered) of *Plaintiff's First Amended Petition*.   Defendant denies that Plaintiffs are entitled to any damages regardless of the type that are sought.  Defendant denies that Plaintiffs are entitled to any attorney fees associated with this matter.  Defendant further pleads any and all limitations and caps on damages that may apply to this cause of action.  This assertion and pleading includes, but is not limited to, any and all caps, bars and limitations set forth under TEX. CIV. PRAC. & REM. CODE §41.001-§41.013.

**15.**     The averment contained in Paragraph No. 31 (mis-numbered) of *Plaintiff's First Amended Petition* relate to Plaintiffs' demand for a jury.  This averment does not require an admission or denial by Defendant.

**16.**     Defendant denies the averments contained in the Paragraph beginning with the phrase, "Wherefore premises considered" and contained under heading "Prayer" of *Plaintiff's First Amended Petition*.  Defendant denies that Plaintiffs are entitled to any damages, pre-judgment interest, post judgment interest, costs, attorney fees, expenses or any relief they are seeking whether it be in law or equity.

**17.**     Defendant asserts his entitlement to qualified immunity and official immunity.

**18.**     Defendant asserts the affirmative defense of failure to mitigate damages.

**19.**     Defendant asserts the limitation of liability pursuant to TEX. CIV. PRAC. & REM. CODE §108.002(a).

**20.**     Defendant asserts his entitlement to the immunities and defenses granted to him under TEX. CIV. PRAC. & REM. CODE §101.101, et. seq.  Defendant specifically asserts his entitlement to the defenses provided under TEX. CIV. PRAC. & REM. CODE §101.106(a), §101.106(e) and §101.106(f).

**21.**     Defendant asserts the affirmative defense of contributory negligence.

**22.**     Defendant asserts the affirmative defense that Plaintiffs lack standing and/or the capacity to bring a survivorship cause of action in this matter.

**23.**     Defendant asserts the affirmative defense of illegality.  Defendant asserts that if Janice Dotson-Stephens underwent any mental or physical pain or suffering prior to her death, or her estate incurred any expenses as a result of her death, this was due solely to the illegal actions of Janice Dotson-Stephens.

**24.**     By way of affirmative defense, Defendant asserts that Plaintiffs' claims for punitive

damages cannot be sustained to the extent such are not subject to a fact-specific, reasonable limit. Such might consist of a reasonable maximum multiple of compensatory damages or a fixed, reasonable amount, but it must be based only on the specific facts of this case and Defendant's own acts and omissions, if any, related thereto.  Any award of punitive damages which does not bear a reasonable relationship to the specific facts of this case, and which is not limited in specific relation to those facts of Defendant's own acts and omissions, if any, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution.

25.     By way of affirmative defense, Defendant asserts that any award of punitive damages based on anything other than Defendant's own conduct as alleged in Plaintiffs' pleadings upon which Plaintiffs' go to trial would violate the due process clause of the Fourteenth Amendment to the U.S. Constitution and due process provisions of the Texas Constitution because any other basis for awarding punitive damages in this case would not protect Defendant against impermissible multiple punishment, and could result in an unjust windfall to Plaintiffs.

26.     Defendant moves that the Court order a bifurcated trial of the claim for the actual and punitive damages asserted against Defendant.

27.     Defendant asserts that at all times he was acting in good faith, in his capacity as a licensed Texas peace officer, that he was acting in the course and scope of his employment as a peace officer, that his actions in arresting Janice Dotson-Stephens were objectively reasonable, that he did not violate any constitutional rights of Janice Dotson-Stephens nor did he commit any unlawful and/or wrongful act.

28.     Defendant asserts that Plaintiffs have failed to state a claim against him.

29.     Defendant asserts that any averment, statement or allegation made in *Plaintiff's First Amended Petition* that is not specifically admitted to is hereby denied by Defendant.

WHEREFORE PREMISES CONSIDERED Defendant prays that Plaintiffs take nothing

by their suit and that Defendant be granted his attorney fees and costs of suit and for all other relief

that he may be entitled to whether in law or equity.


Respectfully submitted,

FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas  78283-1121
(210) 207-7259
(210) 207-8997 - Facsimile


_____/s/_____
Mark Kosanovich
SBN: 00788754
mk@fitzkoslaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of February 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Leslie Sachanowicz<br>702 Donaldson Avenue, Suite 206<br>San Antonio, Texas  78201<br>les.law@hotmail.com<br><br>Mary Pietrazek<br>702 Donaldson Avenue, Suite 206<br>San Antonio, Texas  78201<br>pzklaw@gmail.com<br><br>Robert W. Piatt III<br>Assistant District Attorney<br>101 West Nueva – Civil Division<br>San Antonio, Texas  78205<br>robert.piatt@bexar.org<br><br>Laura A. Cavaretta<br>Cavaretta, Katona & Leighner PLLC<br>One Riverwalk Place<br>700 N. St. Mary's Street, Suite 1500<br>San Antonio, Texas 78205<br>cavarettal@ckl-lawyers.com | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>_____/s/_____<br>MARK KOSANOVICH |