UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHELLE DOTSON, BRIDGETTE LOTT AND REGINOLD STEPHENS INDIVIDUALLY, RONALD DOTSON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JANICE DOTSON-STEPHENS, DECEASED, | § § § § § § § | |
| **Plaintiffs,** | § | |
| | § | |
| V. | § | CAUSE NO.: SA-19-CV-00083-XR |
| | § | |
| BEXAR COUNTY, BEXAR COUNTY HOSPITAL DISTRICT DBA UNIVERSITY HEALTH SYSTEM, BEXAR COUNTY PRE-TRIAL SERVICES, UNKNOWN, UNNAMED OFFICERS/EMPLOYEES OF THE BEXAR COUNTY SHERIFF'S OFFICE, UNKNOWN, UNNAMED OFFICERS/ EMPLOYEES OF THE BEXAR COUNTY HOSPITAL DISTRICT DBA UNIVERSITY HEALTH SYSTEM, UNKNOWN, UNNAMED OFFICERS/ EMPLOYEES OF THE BEXAR COUNTY PRE-TRIAL SERVICES SHERIFF JAVIER SALAZAR, OFFICIALLY AND INDIVIDUALLY, BEXAR COUNTY PRETRIAL SERVICES DIRECTOR MIKE LOZITO OFFICIALLY AND INDIVIDUALLY, SAPD OFFICER MICHAEL KOHLLEPPEL OFFICIALLY AND INDIVIDUALLY, THE CITY OF SAN ANTONIO | § § § | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM'S RULE 12 (b) (6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE 12 (c) MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, the attorneys representing the Plaintiffs in the above sited cause and responds to a motion filed by Defendant, BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM in accordance with Local Court Rule CV-7(e) and shows the Court as follows:

In this case, Plaintiffs, bring claims pursuant to 42 U.S.C. § 1983, 28 U.S.C § 1331 and 1343, and Fourteenth Amendment to the United States Constitution, and Texas State Law against Defendants including, BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM, arising from a period of time between July 17, 2018 and the day Janice Dotson-Stephens was pronounced dead while in custody at the Bexar County Jail, on December 14, 2018. Before the court is a motion to dismiss brought by Defendant BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM on the grounds that Plaintiffs; Petition does not contain any allegations which constitute a fact-based assertion of a §1983 action or any other basis for jurisdiction against BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM in this court. For the following reasons the Court should deny the Defendant's motion.

Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Id. A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

As a threshold matter, Plaintiffs would point out that there is a tension between the holdings in *Leatherman* and *Iqbal. See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (holding that a complaint must include enough factual allegations to state a "plausible" claim for relief); *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993) (holding that plaintiffs need only state "a short and plain statement of the claim showing that the pleader is entitled to relief" and do not need to conform to any sort of "heightened pleading standard . . . in civil rights cases alleging municipal liability"). Courts are split over whether to apply the "short and plain state-

ment" standard from *Leatherman* or the "facial plausibility" standard from *Iqbal*; some courts have even adopted a hybrid approach. *See Sanchez v. Gomez*, No. EP-17-CV-133-PRM, 283 F. Supp. 3d 524, 2017 U.S. Dist. LEXIS 166317, 2017 WL 4479260, at *3-4 (W.D. Tex. Oct. 6, 2017) (collecting cases and providing a comprehensive discussion of the issue). Out of an abundance of caution, the Court should apply the "facial plausibility" standard from *Iqbal*.

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal of a claim for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion, a court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *See Gines*, 699 F.3d at 816. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court's task, then, is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Doe ex rel. Magee*, 675 F.3d at 854. Moreover, "[m]otions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotation marks omitted) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)).

Furthermore, in similar facts, the *Booth* court discusses in some detail that plaintiffs need not establish proximate causation of their injuries, but rather, only "need only allege an injury

that can be fairly traced to the actions of a particular defendant."[1] *Booth v. Galveston Cty.*, No. 3:18-CV-00104, 2018 U.S. Dist. LEXIS 218967, at *20 (S.D. Tex. 2018) discussing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 431 (5th Cir. 2011), and *Bennett v. Spear*, 520 U.S. 154, 168-69, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997)

**Stated Claim**

1. At the time the facts alleged in the Second Amended Complaint occurred, BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM was the party responsible for the health care of the now deceased Janice Dotson-Stephens while she was held in custody at the Bexar County Jail. Counsel for the Defendant inappropriately attempts to apply a recent Supreme Court Decision that states, dismissal is appropriate when the Plaintiff has not alleged enough facts to state a plausible claim on its face or has failed to raise a right to relief above the speculative level. *Twombly*, 500 U.S. at 570. This case was referring to an allegation of an agreement between parties and not in reference to a civil rights action.

2. The Adult Detention Center website lists clinic, in-patient care, and primary care services as being provided by University Health Systems. ("Primary Care Services Provided By:  University Health Systems, Correctional Health Care Services." https://www.bexar.org/737/Medical-Services) Additionally, under the holding in *Ro-*

---

[1] *Booth v. Galveston Cty.*, No. 3:18-CV-00104, 2018 U.S. Dist. LEXIS 218967, at *20 (S.D. Tex. 2018) discussing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 431 (5th Cir. 2011), and *Bennett v. Spear*, 520 U.S. 154, 168-69, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997)

*driguez v. Bexar Cty.,* the Court separated entities for purposes of determining liability. The Court stated that "Bexar County and Bexar County Hospital District d/b/a University Health System ("UHS") are distinct legal entities. Therefore, it must ultimately be determined which entity employed each individual Defendant."[2]

3. The Texas Supreme Court has held that county hospital districts are political subdivisions of the State authorized by the Texas Legislature to "provide for the establishment of a hospital or hospital system to furnish medical aid and hospital care to indigent and needy persons residing in the district." *Rodriguez v. Bexar Cty.*, Civil Action No. SA-18-CV-248-XR, 2018 U.S. Dist. LEXIS 157585 (W.D. Tex. 2018) discussing *Klein v. Hernandez*, 315 S.W.3d 1, 7 (Tex. 2010) (quoting Tex. Health & Safety Code § 281.002(a)).

4. The Bexar County Hospital District d/b/a University Health System ["UHS"] is responsible for the medical treatment of all inmates at the Bexar County Jail and provided medical and mental health care to Janice Dotson-Stephens while she was incarcerated.

5. A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al—Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011). It is well-established law that state officials have a duty under the Fourteenth Amendment to provide involuntarily detained persons with "basic human needs, in-

---

[2] *Rodriguez v. Bexar Cty.*, 2018 U.S. Dist. LEXIS 157585 (W.D. Tex. September 17, 2018)

cluding medical care and protection from harm." *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). Thus, a pretrial detainee has a clearly established right not to be denied, by deliberate indifference, attention to his serious medical needs. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). Moreover, it was clearly established law from July-December 17, 2018, the decedent was in the medical care and custody of the Bexar County Hospital District d/b/a University Health System ["UHS"].

6. Additional facts alleged in Second Amended Complaint that lead to the plausibility of liability include:

7. On or about July 17, 2018, and at all times relevant through December 14, 2018, Defendants violated § 273.5 of the Texas Administrative Code, "Mental Disabilities/Suicide Prevention Plan" (adopted to be effective December 20, 1994, last revision 2018) requiring staff training, creating and following procedures for intake screening to identify mental illness (in compliance with Tex. Code Crim. Proc. Art. 16.22), adequately providing for supervision, and verifying Plaintiff-Decedent Janice Dotson-Stephens had previously received mental healthcare at intake as required.

8. On or about July 17, 2018, and at all times relevant through December 14, 2018, Defendants violated multiple "General Duties" required under § 511.009 of the Texas Government Code, examples include: failing to "report to the Texas Correctional Office on Offenders with Medical or Mental Impairments on a jail's compliance with Article 16.22, Code of Criminal Procedure,"[3] and failing to ensure the jail adopted "rea-

---

[3] Tex. Gov't Code, tit. 4, § 511.09(a)(17)

sonable rules and procedures to ensure the safety of prisoners, including rules and procedures that require a county jail to: give prisoners the ability to access a mental health professional at the jail through a telemental health service 24 hours-a-day."[4]

9. On or about July 17, 2018, and at all times relevant through December 14, 2018, Defendants violated the Administrator responsibilities as laid out in § 353.034 of the Texas Government Code, "County Jail Facilities" by failing to provide adequate safety of Plaintiff-Decedent Janice Dotson-Stephens nor providing proper supervision and control over the jail as required under § 351.041.

10. On or about July 17, 2018, and at all times relevant through December 14, 2018, Defendants violated the "Reporting Requirements" under Texas Senate Bill 1326 (effective September 1, 2017) by failing to follow procedures regarding criminal defendants who are or may be persons with a mental illness or an intellectual disability and by not obtaining a written assessment ordered by the magistrate and completed by the local MH/IDD authority or another qualified expert.

11. On or about July 17, 2018, and at all times relevant through December 14, 2018, Bexar County Hospital District acted in concert with the Bexar County Jail who failed to meet statutory standards required by the Texas Commission on Jail Standards, including multiple violations of Tex. Admin. Code, Title 37. Specifically, the annual report for calendar year 2018, found multiple deficiencies existed and they were advised to "promptly initiate and complete appropriate corrective measures." These deficiencies included but not limited to findings such as:

---

[4] Tex. Gov't Code, § 511.09(a)(23)(A)

- "Inmate classification paperwork and staff interviews indicated that jail staff routinely exceed custody reassessments are required. One file exceeded the 90 day limit by 27 days."[5]

- "The administration has employed and authorized civilian employees to perform duties of health personnel or trained book in officers which is a violation of minimum jail standards."[6]

- "The administration was unable to provide training records to confirm that detention officers received suicide prevention training in accordance with the approved operational plans."[7]

- "Observation logs indicated that jail staff exceeded the required face-to-face 15 minute observations on a continual basis in accordance with the jails [sic] own approved operational plan."[8]

- "Observation logs indicated that jail staff exceeded the required face-to-face 60 minute observations on a continual basis by as few as 1 minute up to 126 minutes."[9]

- "The administration has employed and authorized civilian employees to perform duties of licensed jailers. These civilian employees are not licensed as jailers by TCOLE as required."[10]

- "The inspection team was unable to verify, through maintained documentation, that recreation is being offered to inmates at least 3 days per week for 1 hours as required by minimum jail standards."[11]

Furthermore, Defendant has in their possession crucial evidence that is needed to properly litigate this claim. Their request for such a motion is premature. Without discovery Plaintiffs are unable adequately respond. Crucial pieces of evidence by defendant's staff at the Bexar County Jail, include (1) whether a competency evaluation was conducted; (2) if one was con-

---

[5] Tex. Admin. Code, Title 37, § 267.1(b)(3)
[6] Tex. Admin. Code, Title 37, § 273.4(a)
[7] Tex. Admin. Code, Title 37, § 273.5(a)(1)
[8] Tex. Admin. Code, Title 37, § 273.5(a)(5)
[9] Tex. Admin. Code, Title 37, § 275.1
[10] Tex. Admin. Code, Title 37, § 275.2 & § 275.7
[11] Tex. Admin. Code, Title 37, § 285.1

ducted, who from the Defendant's staff conducted such an examination; (3) who is in possession of the report, if any; (4) what was the delay, if any, and is it a custom to wait 3 months to evaluate a inmate; (5) what psychiatric medication, was administered, if any. This competency evaluation was ordered by Magistrate Court Judge, Andrew W. Carruthers. Plaintiff's attorney has confirmed with the court that a competency evaluation was ordered and the results of the evaluation, if any, are in the possession of Defendant BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM. Furthermore, Plaintiffs have reached out to the Bexar County Medical Examiners office and were informed the Dotson autopsy report has not been completed.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, RONALD DOTSON, individually and as the personal representative of Plaintiff-Decedent Janice Dotson-Stephens, MICHELLE DOTSON, BRIDGETTE LOTT and REGINOLD STEPHENS, respectfully pray that the court deny in all things, Defendant BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM motion to dismiss for failure to state a claim or in the alternative notion for summary judgment on the pleadings, based on Plaintiffs' Second Amended Complaints and their response.

Respectfully submitted,

By: //s// Leslie Sachanowicz\_\_\_\_
Leslie Sachanowicz
Texas Bar No. 17503200
Email: les.law@hotmail.com
Tel. (210) 883-8565

              Mary Pietrazek
              Texas Bar No. 24102358
              Email: pzklaw@gmail.com

              702 Donaldson Avenue, Suite 206
              San Antonio, Texas 78201
              Tel. (210) 951-9795
              Fax. (210) 855-2045
              Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

This is to certify that a correct copy of the above foregoing has this the 17th day of March, 2019 been forwarded to

| | |
|---|---|
| Robert W. Piatt, III | VIA E-FILING SERVICES |
| Assistant District Attorney | |
| Bexar County Criminal District Attorney | |
| 101 W. Nueva – Civil Division | |
| San Antonio, Texas 78205 | |
| Robert.piatt@bexar.org | |
| Attorney for Bexar County | |
| Bexar County Pre-Trial Services | |
| And Mike Lozito | |
| | |
| Mark Kosanovich | VIA E-FILING SERVICES |
| Fitzpatrick & Kosanovich, PC | |
| P.O. Box 831121 | |
| San Antonio, Texas 78283-1121 | |
| mk@fitzkoslaw.com | |
| Attorney for City of San Antonio | |
| And Michael Kohlleppell | |
| | |
| Laura A. Cavaretta | VIA E-FILING SERVICES |
| Cavaretta, Katona & Leighner PLLC | |
| One Riverwalk Place | |
| 700 N. St. Mary's Street, Suite 1500 | |
| San Antonio, Texas 78205 | |
| cavaretta@ckl-lawyers.com | |
| Attorney for University Health System | |