UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHELLE DOTSON, BRIDGETTE LOTT AND REGINALD STEPHENS INDIVIDUALLY, RONALD DOTSON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JANICE DOTSON-STEPHENS, DECEASED<br>　　　　Plaintiffs<br><br>V.<br><br>BEXAR COUNTY, BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM, BEXAR COUNTY PRE-TRIAL SERVICES, UNKNOWN, UNNAMED OFFICERS/EMPLOYEES OF THE BEXAR COUNTY SHERIFF'S OFFICE, UNKNOWN, UNNAMED OFFICERS/ EMPLOYEES OF THE BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM, UNKNOWN, UNNAMED OFFICERS/ EMPLOYEES OF THE BEXAR COUNTY PRE-TRIAL SERVICES<br>　　　　Defendants | § § § § § § § § § § § § § § § § § § § § § § § § § § | Cause No.:SA-19-CV-00083-XR |

<u>BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND RESPONSE TO DEFENDANT'S MOTION TO DISMISS MEMORANDUM OF LAW IN SUPPORT STATEMENT OF FACT</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES the BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM [hereinafter UHS], one of the Defendants in the above-entitled and numbered cause, and, files this its Response to Plaintiffs' Motion for Leave to File Amended Complaint, and in support thereof, shows the Court as follows:

1.     Plaintiffs' *Motion for Leave to File Amended Complaint and Response to Defendant's Motion to Dismiss Memorandum of Law in Support of Statement of Fact* is unartfully drafted and makes it unclear whether, in addition to seeking leave to amend their complaint, Plaintiffs are also seeking leave to file their untimely Response to UHS's Motion to Dismiss. In the event that Plaintiffs are seeking leave to file their Response to the Motion to Dismiss, UHS has already filed its Reply to Plaintiffs' Response to the Motion to Dismiss and urged this Court to strike the Response as untimely. [D.E. 16] As already discussed in the Reply, Plaintiffs' filed their Response more than fourteen days after the Motion to Dismiss was filed, and the Response should be struck as untimely.

2.     Plaintiffs do not deny that their Second Amended Complaint and their Response to UHS's Motion to Dismiss were filed on March 17, 2019, more than twenty-one days after UHS's Motion to Dismiss had been filed and well after the deadline to file a response to a dispositive motion. Plaintiffs assert that they missed the filing deadline due to a calendaring error and that leave to amend is appropriate. However, "[c]alendaring errors and mistakes about deadlines qualify as a careless mistake of counsel." *Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 Fed. Appx. 435, 437 (5th Cir. 2018). The failure to file a timely response due to a clerical error is insufficient to rise to the level of excusable neglect. *See Buckmire v. Mem'l Hermann Healthcare Sys. Inc.*, 456 Fed. Appx. 431, 432 (5th Cir. 2012); *Drew v. Life Ins. Co. of N. Am.*, CIV.A.3:08-CV-2226-D, 2009 WL 1856604, at *3 (N.D. Tex. June 29, 2009); *Gonzalez v. State Fair of Texas, Inc.*, CIV A 3:99-CV-1414-D, 2000 WL 326165, at *2 (N.D. Tex. Mar. 24, 2000), aff'd sub nom. Gonzalez v. State Fair of Texas, 235 F.3d 1339 (5th Cir. 2000). The Court should deny Plaintiffs' request for leave to amend and strike the Second Amended Complaint and Response as untimely.

3.	Plaintiffs further urge the Court to grant them leave to amend because leave to amend should be "freely given when justice so requires." FED. R. CIV. P. 15(a)(2). However, at the time that Plaintiffs filed their Second Amended Complaint, Plaintiffs had not requested leave of the Court to file their amended complaint nor did they obtain the written consent of all of the Defendants. Instead, Plaintiffs did not request leave until after UHS pointed out that they had failed to comply with the federal rules. "[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect." *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). Litigants are presumed to have knowledge of the Federal Rules, local rules and all federal law." *See Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 537 (E.D. Tex. 2000). Plaintiffs should have known when they filed their Second Amended Complaint that they needed to obtain all of the Defendant's written consent or seek leave of Court. Because Plaintiffs did not seek leave in accordance with the federal rules when they filed their Second Amended Compliant, it has no legal effect. The Court should deny the request for leave to amend, the Second Amended Complaint should be struck and it should be given no legal effect.

4.	Although Rule 15(a) requires leave to amend be freely granted when justice requires, it is by no means automatic. *Addington v. Farmer's Elevator Mutual Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). In deciding whether to allow an amendment, a court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Price v Pinnacle Brands*, 138 F.3d 602, 608 (5th Cr. 1998). Plaintiffs assert that good cause exists for allowing amendment "in light of the lack of discovery"

and because they had not received the autopsy report. However, discovery is not intended to reveal the factual bases for asserting a cause of action. *Williams v. Glob. Payments Check Services, Inc.*, 3:10-CV-0698-L, 2011 WL 6262528, at *6 (N.D. Tex. Dec. 14, 2011). Plaintiffs cannot rely on a lack of discovery as a basis for a late amendment. Prior to filing suit, Plaintiffs could have, but did not, request or obtain a copy of the decedent's medical records from UHS. UHS certainly did not prevent Plaintiffs from obtaining the autopsy report. Plaintiffs' apparent lack of information regarding their own claims is not good cause to allow the amendment.

5.  Permitting Plaintiffs to amend again during the pendency of Motion to Dismiss is prejudicial to UHS. The suit will be unduly delayed if the amendment is allowed because UHS would have to re-file its Motion to Dismiss. "[T]he Court is "not required to grant leave to amend where doing so would encourage dilatory or abusive tactics," such as requesting amendment solely to force a defendant to file a new motion to dismiss. *Gore v. Cedar Hill Indep. Sch. Dist.*, 3:15-CV-3963-M-BN, 2016 WL 4597513, at *17 (N.D. Tex. July 26, 2016), report and recommendation adopted, 3:15-CV-3963- M-BN, 2016 WL 4593515 (N.D. Tex. Sept. 2, 2016) (quoting *Player v. Artus*, No. 06-cv-2764 (JG), 2008 WL 324246, at *3 (E.D.N.Y. Feb. 6, 2008)). The Plaintiffs filed their Second Amended Complaint in an effort to avoid dismissal when they missed the deadline to respond to UHS's Motion to Dismiss. Plaintiffs filed the Second Amended Complaint without following the Federal Rules of Civil Procedure. Plaintiffs only sought leave for the amendment after UHS pointed out that failure. Plaintiffs' request for leave should be denied because it is prejudicial to UHS and is a dilatory or abusive tactic.

6.  In the alternative, if the Court allows Plaintiffs'' Second Amended Complaint to stand, UHS requests leave to file an Amended Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim or in the Alternative 12(c) Motion for Judgment on the Pleadings responsive to

Plaintiffs' Second Amended Complaint pursuant to Rule 15(a).

WHEREFORE, PREMISES CONSIDERED, Defendant UHS respectfully requests that its Motion to Strike Plaintiffs' Second Amended Complaint be in all things granted; that Plaintiffs' Second Amended Complaint be struck; that Plaintiffs take nothing of and from this Defendant; that Defendant recover its costs and that it be granted any other relief to which it may be entitled.

Respectfully submitted,

*/s/ Laura Cavaretta*

LAURA A. CAVARETTA
State Bar No. 04022820
GABRIELLE O'CONNOR
State Bar No. 24100879

CAVARETTA, KATONA & LEIGHNER PLLC
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 588-2901
Facsimile: (210) 588-2908
cavarettal@ckl-lawyers.com

ATTORNEY FOR DEFENDANT,
BEXAR COUNTY HOSPITAL DISTRICT
d/b/a UNIVERSITY HEALTH SYSTEM

**CERTIFICATE OF SERVICE**

This is to certify that a correct copy of the above and foregoing has this the **29th** day of March ___, 2019 been forwarded to:

| | |
|---|---|
| Leslie Sachanowicz<br>702 Donaldson Avenue, Suite 206<br>San Antonio, Texas 78201<br>les.law@hotmail.com<br>Attorney for Plaintiffs | VIA E-FILING SERVICE |
| Robert W. Piatt, III | VIA E-FILING SERVICES |

Assistant District Attorney
Bexar County Criminal District Attorney
101 W. Nueva – Civil Division
San Antonio, Texas 78205
robert.piatt@bexar.org
Attorney for Bexar County,
Bexar County Pretrial Services,
Mike Lozito and Sheriff Javier Salazar

Mark Kosanovich                              VIA E-FILING SERVICES
Fitzpatrick & Kosanovich, PC
P.O. Box 831121
San Antonio, Texas 78283-1121
mk@fitzkoslaw.com
Attorney for City of San Antonio
and Michael Kohlleppell:

_____
**LAURA A. CAVARETTA**