UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHELLE DOTSON, BRIDGETTE | § | |
| LOTT AND REGINALD STEPHENS | § | |
| INDIVIDUALLY, RONALD DOTSON, | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF JANICE DOTSON-STEPHENS, | § | |
| DECEASED | § | |
| Plaintiffs | § | |
| | § | |
| V. | § | Cause No.:SA-19-CV-00083-XR |
| | § | |
| BEXAR COUNTY, BEXAR COUNTY | § | |
| HOSPITAL DISTRICT d/b/a | § | |
| UNIVERSITY HEALTH SYSTEM, | § | |
| BEXAR COUNTY PRE-TRIAL | § | |
| SERVICES, UNKNOWN, UNNAMED | § | |
| OFFICERS/EMPLOYEES OF THE | § | |
| BEXAR COUNTY SHERIFF'S OFFICE, | § | |
| UNKNOWN, UNNAMED OFFICERS/ | § | |
| EMPLOYEES OF THE BEXAR COUNTY | § | |
| HOSPITAL DISTRICT d/b/a | § | |
| UNIVERSITY HEALTH SYSTEM, | § | |
| UNKNOWN, UNNAMED OFFICERS/ | § | |
| EMPLOYEES OF THE BEXAR COUNTY | § | |
| PRE-TRIAL SERVICES | § | |
| Defendants | § | |

BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM'S
ANSWER TO FOURTH AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES the BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY

HEALTH SYSTEM, one of the Defendants in the above-entitled and numbered cause, and files

this its Answer to Fourth Amended Complaint, and would show unto the Court as follows:

PARTIES AND SERVICE

1.      Defendant is without sufficient knowledge to admit or deny whether Ronald

Dotson is a son of Plaintiff-Decedent. Defendant is without sufficient knowledge to admit or deny whether Ronald Dotson is a resident of Guadalupe County, Texas. Defendant admits that Ronald Dotson has brought this suit on behalf of himself and has personal representative of the Estate of Janice Dotson-Stephens. Defendant is without sufficient knowledge to admit or deny whether Janice Dotson-Stephens was a resident of Bexar County, Texas.

2.      Defendant is without sufficient knowledge to admit or deny whether Michelle Dotson is a daughter of Plaintiff-Decedent. Defendant is without sufficient knowledge to admit or deny whether Michelle Dotson is a resident of the State of Texas.

3.      Defendant is without sufficient knowledge to admit or deny whether Bridgette Lott is a daughter of Plaintiff-Decedent. Defendant is without sufficient knowledge to admit or deny whether Bridgette Lott is a resident of the State of Texas.

4.      Defendant is without sufficient knowledge to admit or deny whether Reginald Stephens is the husband of Plaintiff-Decedent, but admits that this information is contained in the decedent's medical records. Defendant is without sufficient knowledge to admit or deny whether Reginald Stephens is a resident of the State of Texas.

5.      The averment contained in Paragraph No. 5 of Plaintiffs' Fourth Amended Complaint relates to a definition provided by Plaintiffs which does not require an admission or denial by Defendant. However, to the extent it does, Defendant denies the averment contained in this paragraph.

6.      Defendant denies that Bexar County is a municipal corporation organized under the laws of the State of Texas. Defendant admits that Bexar County Sheriff's Department is a division of Bexar County and operates the Bexar County Jail. Defendant admits that the County funds and operates the jail as well as employing and compensating the jail staff. Defendant is

without sufficient knowledge to admit or deny whether the County is charged with ensuring compliance with state and federal law. Defendant is without sufficient knowledge to admit or deny whether the County receives federal funds. In relation to the averments contained in Paragraph No. 6 of Plaintiffs' Fourth Amended Complaint as to Bexar County's municipal liability, the averments are requests to the Court by Plaintiffs and interpretations of rules by Plaintiffs. These statements and/or averments do not require an admission or denial by Defendant To the extent they do, they are denied. Defendant is without sufficient knowledge to admit or deny how Bexar County may be served.

7.      Defendant admits that Sheriff Salazar was named officially and individually as a party. Defendant is without sufficient knowledge to admit or deny how Defendant Salazar may be served. Defendant is without sufficient knowledge to admit or deny whether he was operating in the course and scope of his agency and/or employment at all times relevant to this cause. In relation to the averments contained in Paragraph No. 7 of Plaintiffs' Fourth Amended Complaint as to a sheriff's responsibility, the averments are requests to the Court by Plaintiffs and interpretations of statutes and rules by Plaintiffs. These statements and/or averments do not require an admission or denial by Defendant To the extent they do, they are denied.

8.      Defendant admits that it may be served through Dr. Dianna M. Burns-Banks. Defendant admits it is a political subdivision of the state. In relation to the averments contained in Paragraph No. 8 of Plaintiffs' Fourth Amended Complaint as to the purpose of hospital districts, the averments are requests to the Court by Plaintiffs and statements of law by Plaintiffs. These statements and/or averments do not require an admission or denial by Defendant. To the extent they do, they are admitted. Defendant admits that the Adult Detention Center website states that "University Health Systems" (sic) "Correctional Health Care Services" (sic) provides

clinic, in-patient care and primary care services. Defendant admits that the Court found that Bexar County and Defendant were distinct legal entities.

9.      Defendant admits that Jessica C. Yao was named officially and individually as a party. Defendant is without sufficient knowledge to admit or deny how Defendant Yao may be served. Defendant admits that Defendant Yao was the Medical Director of the Detention Health Care Services (DHCS) during the period July 17, 2018 through December 14, 2018. Defendant admits that Defendant Yao participated in creating policies as DHCS in her role as Medical Director, but denies it employs Defendant Yao. Defendant admits it is a separate legal entity from Bexar County.

10.     Defendant is without sufficient knowledge to admit or deny how Mike Lozito may be served. In relation to the averments contained in Paragraph No. 10 of Plaintiffs' Fourth Amended Complaint as to municipal policy or liability, the averments are requests to the Court by Plaintiffs and statements of law by Plaintiffs. These statements and/or averments do not require an admission or denial by Defendant. To the extent they do, they are denied. Defendant is without sufficient knowledge to admit or deny whether he was a policymaker or whether he was operating in the course and scope of his agency and/or employment at all times relevant to this cause.

11.     Defendant is without sufficient knowledge to admit or deny how Michael Kohlleppel may be served. Defendant is without sufficient knowledge to admit or deny whether he was operating in the course and scope of his agency and/or employment at all times relevant to this cause.

12.     Defendant is without sufficient knowledge to admit or deny how City of San Antonio may be served. Defendant admits that the Fifth Circuit has held that municipal entities

and local governing bodies do not enjoy immunity from suit under a civil action for deprivation of rights.

13.     In relation to the averments contained in Paragraph No. 13 of Plaintiffs' Fourth Amended Complaint, the averments are requests to the Court by Plaintiffs and interpretations of court decisions by Plaintiffs. These statements and/or averments do not require an admission or denial by Defendant. To the extent they do, they are denied.

14.     Defendant admits that Plaintiffs have filed suit against Bexar County and the City of San Antonio. In relation to the averments contained in Paragraph No. 14 of Plaintiffs' Fourth Amended Complaint, the averments are requests to the Court by Plaintiffs and interpretations of law by Plaintiffs. These statements and/or averments do not require an admission or denial by Defendant To the extent they do, they are denied.

15.     Defendant denies that it is not entitled to qualified immunity. In relation to the averments contained in Paragraph No. 15 of Plaintiffs' Fourth Amended Complaint, the averments are requests to the Court by Plaintiffs and interpretations of law by Plaintiffs. These statements and/or averments do not require an admission or denial by Defendant To the extent they do, they are denied. Defendant denies that its conduct denied Plaintiff-Decedent Janice Dotson-Stephens of her constitutional rights.

Jurisdiction and Venue

16.     Defendant admits that this Court has subject matter jurisdiction.

17.     Defendant admits that venue is proper in the Western District of Texas.

18.     Defendant admits that the subject matter in controversy is within the jurisdictional limits of this Court.

Factual Allegations

19.     Defendant admits that Plaintiff-Decedent was a pretrial detainee at the time of her death.

20.     Defendant is without sufficient knowledge to admit or deny the period of time that Plaintiff-Decedent suffered mental illness or hypertension. Defendant is without sufficient knowledge to admit or deny the number of times Plaintiff-Decedent was involuntarily committed or the reasons for such commitments. Defendant is without sufficient knowledge to admit or deny the symptoms Plaintiff-Decedent would experience during "crisis episodes." Defendant is without sufficient knowledge to admit or deny how Plaintiff-Decedent was treated at the State Hospital. Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent was able to function normally or how long she needed to be medicated to begin functioning normally. Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent's mental illness prevented her from performing major life activities. Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent was unable to work but admits she received Social Security disability benefits.

21.     Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent had an extensive police record with the San Antonio Police Department. Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent had at least three explicitly identified "mental health disturbance" situations requiring emergency mental health detentions. Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent's mental health history should have been readily ascertainable to all Defendants at her arrest and throughout her incarceration. Defendant denies that her mental health history was readily ascertainable to it at the time of Plaintiff-Decedent's arrest.

22. Defendant is without sufficient knowledge to admit or deny whether Michael

Kohlleppel was a police officer with the San Antonio Police Department on or about July 17, 2018. Defendant is without sufficient knowledge to admit or deny whether Sergeant Ramirez or Officer Lowery were present at the scene. Defendant is without sufficient knowledge to admit or deny whether Sergeant Ramirez or Officer Lowery interacted with Plaintiff-Decedent or whether they observed a mental health crisis.

23.     Defendant is without sufficient knowledge to admit or deny where Reginold Stephens resided on July 17, 2018 or the location of Plaintiff-Decedent's arrest.

24.     Defendant is without sufficient knowledge to admit or deny the contents of the police report or any statements Plaintiff-Decedent may have made.

25.     Defendant is without sufficient knowledge to admit or deny whether Officer Kohlleppel advised Plaintiff-Decedent to leave. Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent was advised that she was going to be issued a trespass warning or whether she insisted upon being arrested.

26.     Defendant is without sufficient knowledge to admit or deny whether Officer Kohlleppel placed Plaintiff-Decedent in handcuffs. Defendant is without sufficient knowledge to admit or deny whether Officer Lowery searched Plaintiff-Decedent. Defendant is without sufficient knowledge to admit or deny whether Officer Kohlleppel transported Plaintiff-Decedent to jail or the charge for which she was booked.

27.     Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent was displaying behavior consistent with mental illness at the time of her arrest. Defendant is without sufficient knowledge to admit or deny the basis for Plaintiff-Decedent's arrest, the charge or the potential punishment for the charged offense.

28.     Defendant is without sufficient knowledge to admit or deny when Plaintiff-

Decedent was processed and jailed, but admits she was screened by UHS providers on July 19, 2018. Defendant is without sufficient knowledge to admit or deny the contents of the "Arrest & Booking Sheet" or the contents of the police report.

29.     Defendant is without sufficient knowledge to admit or deny the number of children or grandchildren the Plaintiff-Decedent had. Defendant admits that the Plaintiff-Decedent did not appear before a Bexar County judge or go inside a courtroom for 150 days. Defendant is without sufficient knowledge to admit or deny the type of charge against Plaintiff-Decedent.

30.     Defendant admits the allegations detailing the information contained on the Bexar County Pretrial Services' website says.

31.     Defendant denied that it was required to offer Plaintiff-Decedent the opportunity to bond out. Defendant is without sufficient knowledge to admit or deny whether bond was set or its amount, if any. Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent was offered the opportunity for a personal recognizance bond.

32.     Defendant is without sufficient knowledge to admit or deny the reason that Plaintiff-Decedent remained in jail, but admits that she remained incarcerated.

33.     Defendant admits Plaintiff-Decedent was appointed an attorney. Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent elected a court appointed attorney on the day of her arrest.

34.     Defendant is without sufficient knowledge to admit or deny the date upon which Plaintiff-Decedent was appointed an attorney, but admits that a UHS employee attempted to contact the Decedent's attorney on August 8, 2018.

35.     Defendant is without sufficient knowledge to admit or deny whether Plaintiff-

Decedent ever met with an attorney, but admits that entries in the medical record reference her refusal to meet with an attorney.

36.     Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent refused interviews or the number of interviews she refused between July 17, 2018 and August 4, 2018. Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent refused to go to court during the period between July 17, 2018 and August 4, 2018, but admits that UHS employees notified the Court of the Decedent's refusal to go to court on several occasions. Defendant denies that this alleged refusal would indicate deteriorating mental capacity or a decline in mental health.

37.     Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent refused to go to jail court on August 17, 2018, but admits that UHS employees notified the Court of the Decedent's refusal to go to court on several occasions. Defendant denies that this is an indicator of a decline in mental health.

38.     Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent was afforded the opportunity or benefits of the Bexar County Public Defender's Office Mental Health Defender Program. Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent was entitled to opportunities or benefits under such a program.

39.     Defendant admits that a Bexar County Jail employee screened Plaintiff-Decedent on July 17, 2018.

40.     Defendant admits that on or about July 19, 2018 and at all times through December 14, 2018, it was aware of Plaintiff-Decedent's mental health condition, and would show that the Decedent was under special observation and closely monitored by mental health and medical providers during this time. Defendant denies that it failed to appropriately respond

to her mental health needs.

41.    Defendant admits that, by a letter dated August 20, 2018, a psychiatrist notified the court that Plaintiff-Decedent "may be unable to assist her attorney in the preparation of her defense and may require a competency evaluation.

42.    Defendant is without sufficient knowledge to admit or deny the date upon which the court ordered a psychological evaluation of Plaintiff-Decedent.

43.    Defendant denies that it is unknown whether more than a cursory psychological evaluation was performed, Defendant does not have sufficient information to admit or deny that such an evaluation was misplaced or mishandled, but would show that it was mailed to Judge Garrahan on October 2, 2018. Defendant admits that the Competency Evaluation is not part of UHS' medical records.

44.    Defendant is without sufficient knowledge to admit or deny if or when the court ordered the offense report be forwarded to University Health System.

45.    Defendant admits that Defendant Salazar was sworn into office on January 1, 2017. Defendant is without sufficient knowledge to admit or deny how long or in what capacity Defendant Salazar served with the San Antonio Police Department or his other positions within the Department.

46.    Defendant is without sufficient knowledge to admit or deny whether Defendant Salazar received written notice from the Texas Commission on Jail Standard outlining the requirements sheriffs must follow to comply with S.B. 1849 or its effective date.

47.    In relation to the averments in Paragraph No. 47 of the Fourth Amended Complaint related to chapters 748 and 950 of the Texas Code of Criminal Procedure, such averments are statements of law and Plaintiffs' interpretations of the law and do not require

admission or denial by Defendant. To the extent they do, they are denied.

48.     In relation to the averments in Paragraph No. 48 of the Fourth Amended Complaint related to the Texas Commission on Jail Standards and the Texas Administrative Code, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied.

49.     Defendant denies that it was required to "give prisoners the ability to access a mental health professional at the jail through a telemental health service 24 hours a day." Defendant denies that it was required to "give prisoners the ability to access a health professional at the jail or through a telehealth service 24 hours-a-day, or if a health professional is unavailable at the jail or through a telehealth service, provide for a prisoner to be transported to access a health professional." Defendant would show that the Decedent was offered, and refused, access to medical and mental health care from July 19, 2018 to the time of her death.

50.     Defendant is without sufficient knowledge to admit or deny the circumstances under which Laura Balditt tendered her intent of retirement.

51.     Defendant admits that Ruben Vela was promoted to Deputy Chief and interim Assistant Jail Administrator.

52.     Defendant is without sufficient knowledge to admit or deny the circumstances under which Bobby Hogeland resigned. Defendant is without sufficient knowledge to admit or deny whether Judge Nelson made the statement attributed to him.

53.     Defendant admits that Ruben Vela acted at interim jail administrator. Defendant is without sufficient knowledge to admit or deny whether the job had been posted as open. Defendant is without sufficient knowledge to admit or deny the date or circumstances under which the job posting was listed as open.

54.     Defendant is without sufficient knowledge to admit or deny that Ruben Vela was suspended and Avery Walker was appointed to oversee the jail. Defendant is without sufficient knowledge to admit or deny the circumstances under which the suspension and appointment occurred.

55.     Defendant admits that Bexar County Jail was listed as being in non-compliance. Defendant is without sufficient knowledge to admit or deny how counties are listed and removed from the website.

56.     Defendant is without sufficient knowledge to admit or deny the number of deaths, suicides and escapes associated with the Bexar County Jail.

57.     Defendant is without sufficient knowledge to admit or deny whether Bexar County met the statutory requirements of the Texas Commission on Jail Standards during that period.

58.     Defendant is without sufficient knowledge to admit or deny whether Judge Nelson Wolff made the statement attributed to him.

59.     Defendant is without sufficient knowledge to admit or deny what responsibilities Defendant Mike Lozito had as Director of Bexar County pretrial Services.

60.     Defendant admits that it is responsible for providing the medical and mental health treatment to inmates at the Bexar County Jail. Defendant admits that it provided medical and mental health care to Plaintiff-Decedent during her incarceration, and would show that the Decedent repeatedly refused medical and mental health treatment against medical advice.

61.     Defendant admits that Plaintiff-Decedent was housed in the Infirmary as a medical non-process inmate. Defendant admits that Plaintiff-Decedent was in its care, and admits that Dr. Yao signed orders in Plaintiff-Decedent's medical record. Defendant admits Plaintiff-

Decedent was referred to the Chronic Care Clinic because of a history of hypertension and was referred to the Mental Health Clinic because she had a history of schizophrenia. Defendant admits that Plaintiff-Decedent was described as severely impaired an as having chronic mental illness. Defendant admits that Plaintiff-Decedent's intake records noted prior hospitalizations related to mental illness.

62.     Defendant admits that its staff documented Plaintiff-Decedent's mental health history but denies that such documentation indicates that they had copies of her mental and mental health history from prior to her incarceration.

63.     Defendant denies that Plaintiff-Decedent lost weight during her incarceration and would show that at medical screening, she refused to have her weight or height taken, and that she repeatedly refused medical and mental health evaluation and treatment as well as food and fluids against medical advice, which was within her rights.

64.     Defendant admits that Plaintiff-Decedent was seen by many of its employees during her incarceration for medical and mental health evaluations, observations and recommendations. Defendant would show that the Decedent repeatedly refused medical and mental health evaluation and treatment against medical advice.

65.     Defendant admits that Plaintiff-Decedent was seen by many health care providers during her incarceration. Defendant would show that the Decedent repeatedly refused medical and mental health evaluation and treatment against medical advice.

66.     Defendant admits that Plaintiff-Decedent refused some, but not all meals and sometimes refused fluids during her incarceration. Defendant admits that nurses charted that Plaintiff-Decedent had access to water within her cell but denies Plaintiff's counsel's implication that this meant Plaintiff-Decedent could drink from her sink, as inmates are provided with a

Styrofoam cup to be used during their incarceration.

67. Defendant admits that Plaintiff-Decedent was seen by many health care providers during her incarceration and that her conduct, behavior and status were charted. Defendant would show that the Decedent repeatedly refused medical and mental health evaluation and treatment against medical advice.

68. Defendant admits that Plaintiff-Decedent died on December 14, 2018. Defendant admits that Plaintiff-Decedent's chart on the date of her death indicated her age, history of schizoaffective disorder, hypertension and her noncompliance with medical and mental health treatment. Defendant admits that it honored Plaintiff-Decedent's refusal to be evaluated or medicated.

69. Defendant denies that it failed to keep Plaintiff-Decedent safe and free from physical and psychological injury, harm and death.

## CLAIMS

### Count I
### Violations of 42 U.S.C. § 1983 for Deprivation of Civil Rights

70. Defendant denies that it acted contrary to law and that it deprived Plaintiff-Decedent of her privileges and immunities. Defendant denies that it denied Plaintiff-Decedent her rights under the Texas Constitution. Defendant denies that it acted in a willful or wanton fashion and that it was deliberately indifferent. Defendant denies that it caused Plaintiff-Decedent to suffer immeasurable injury and death. Defendant denies that it caused damages to the Plaintiffs, or that any act or omission by this Defendant caused the Decedent's death.

71. In relation to the averments in Paragraph No. 71 of the Fourth Amended Complaint related to 42 U.S.C. § 1983, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent

they do, Defendant denies that it is liable to Plaintiffs.

72.     In relation to the averments in Paragraph No. 72 of the Fourth Amended Complaint related to deliberate indifference, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied. Defendant denies that it deliberately ignored existing policies or that it failed to adopt policies required by Texas law. Defendant denies that it was deliberately indifferent to Plaintiff-Decedent's serious medical needs and that it caused her to needlessly suffer and die. In relation to the averments in Paragraph No. 72 of the Fourth Amended Complaint related to immunity, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied.

**A. Defendants Bexar County, Salazar and Lozito Violated Plaintiff-Decedent's Janice Dotson-Stephens' Right to Pretrial Liberty By Keeping Her in Jail because She Could Not Afford Bail**

73.     In relation to the averments in Paragraph No. 73 of the Fourth Amended Complaint related to the Fourteenth Amendment and unreasonable bail, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied. Defendant denies that it violated Plaintuff-Decedent's right to pretrial liberty but is without sufficient knowledge to admit or deny whether Defendants Bexar County, Salazar or Lozito violated such a right. Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent had the ability to pay bail. Defendant is without sufficient knowledge to admit or deny whether Defendants Bexar County, Salazar or Lozito inquired into her ability to pay bail. Defendant denies it is responsible for any aspect of the decision to require payment of bail.

74.     Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent's bail experience was similar to Harris County bail practices. In relation to the averments in Paragraph No. 74 of the Fourth Amended Complaint related to unreasonable bail and indigence, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied, as inapplicable to this Defendant, whose only role at the BCADC relates to providing medical and mental health care.

75.     Defendant is without sufficient knowledge to admit or deny whether Bexar County's bail-setting procedures violate the Fourteenth Amendment. In relation to the averments in Paragraph No. 75 of the Fourth Amended Complaint related to the *ODonnell* case, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied.

76.     In relation to the averments in Paragraph No. 76 of the Fourth Amended Complaint related to the *ODonnell* case, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied.

77.     Defendant is without sufficient knowledge to admit or deny how bonds are assigned in Bexar County or the policies and procedures that Bexar County Pretrial Services has in place. Defendant denies that the circumstances of Plaintiff-Decedent's arrest, magistration and pretrial incarceration are similar to the issues in *O'Donnell* or that Defendant's actions were repugnant.

78.     Defendant is without sufficient knowledge to admit or deny whether Defendants Bexar County, Salazar or Lozito have taken actions to mitigate any failures in their systems.

Defendant is without sufficient knowledge to admit or deny whether Jack Michael Ule suffered mental illness, died while incarcerated or could afford bond. Defendant is without sufficient knowledge to admit or deny whether the San Antonio Express-News made the statements attributed to it.

79.     Defendant is without sufficient knowledge to admit or deny whether Defendants Bexar County, Salazar or Lozito have a de facto police or practice of unconstitutionally incarcerating indigent, mentally ill arrestees.

80.     Defendant is without sufficient knowledge to admit or deny Plaintiff-Decedent's right to pretrial liberty was violated. Defendant denies violating Plaintiff-Decedent's right to pretrial liberty. Defendant is without sufficient knowledge to admit or deny the reason Plaintiff-Decedent remained in jail or whether inquiry was made into her ability to pay bail. Defendant denies assuming that Plaintiff-Decedent was indigent. Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent's mental illness was exacerbated by her incarceration and would show that the Decedent repeatedly refused medical and mental health treatment against medical advice.

81.     Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent's claims run afoul of *ODonnell*. Defendant denies that it ignored mandatory procedures or Texas law. Defendant denies that it is responsible for violations of Plaintiff-Decedent's constitutional rights. Defendant admits that the Fifth Circuit has held that municipal entities and local governing bodies do not enjoy immunity from suit under a civil action for deprivation of rights.

**B. Defendants Bexar County, Salazar and Lozito Violated Plaintiff-Decedent's Janice Dotson-Stephens' Right to Pretrial Liberty Because of Prolonged and Unconstitutional Detention**

82.     In relation to the averments in Paragraph No. 82 of the Fourth Amended Complaint related to the Texas Constitution and Article I, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied.

83.     In relation to the averments in Paragraph No. 83 of the Fourth Amended Complaint related to oppressive incarceration, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied. Defendant admits that Plaintiff-Decedent was a pretrial detainee. Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent had the ability to pay bail or the charges alleged against her. Defendant denies that Plaintiff-Decedent died prior to a court-ordered psychological evaluation. Defendant is without sufficient knowledge to admit or deny the specific amount of time following the order for psychological evaluation that Plaintiff-Decedent died.

84.     In relation to the averments in Paragraph No. 84 of the Fourth Amended Complaint related to the *Jauch* case, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied. Defendant denies that it violated Plaintiff-Decedent's right to procedural due process.

85.     Defendant admits that Sheriff Salazar is responsible for those incarcerated at the Bexar County Jail. In relation to the averments in Paragraph No. 84 of the Fourth Amended Complaint related to the *Jauch* case, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied.

86.     Defendant is without sufficient knowledge to admit or deny whether Defendants Bexar County, Salazar or Lozito violated sections of the Texas Code of Criminal Procedure. In relation to the averments in Paragraph No. 86 of the Fourth Amended Complaint related to the Texas Code of Criminal Procedure, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied.

87.     Defendant denies that the totality of the circumstances show that it denied Plaintiff-Decedent her right to liberty. Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent could rationally assert her right. Defendant denies it had the authority to investigate, evaluate, appoint counsel for, or release Plaintiff-Decedent.

88.     Defendant denies that any failures on its part caused Plaintiffs or Plaintiff-Decedent to suffer. Defendant denies that it failed to comply with mandatory departmental policies or procedures, regulations or Texas law. Defendant would show that the Decedent repeatedly refused medical and mental health evaluation and treatment against medical advice.

89.     Defendant denies that it had any control over Plaintiff-Decedent's confinement, and denies its actions or inactions were unconstitutional or violated a clearly established right. Defendant admits that the Fifth Circuit has held that municipal entities and local governing bodies do not enjoy immunity from suit under a civil action for deprivation of rights.

### Count II
### Unconstitutional Conditions of Confinement

90.     In relation to the averments in Paragraph No. 90 of the Fourth Amended Complaint related to bifurcation of Constitutional claims for pretrial detainees and the classification of challenges, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are

denied.

91.    In relation to the averments in Paragraph No. 91 of the Fourth Amended Complaint related to the *Rodriguez* opinion, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied.

## A. Defendants Bexar County, Salazar , UHS and Yao Violated Plaintiff-Decedent's Janice Dotson-Stephens' Right to Medical Care

92.    In relation to the averments in Paragraph No. 92 of the Fourth Amended Complaint related the duty to provide medical care, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are admitted as to this Defendant only.

93.    In relation to the averments in Paragraph No. 93 of the Fourth Amended Complaint related the rights of pretrial detainees, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied. Defendant admits the statements regarding Plaintiffs' burden of proof.

94.    In relation to the averments in Paragraph No. 94 of the Fourth Amended Complaint related to de facto policies and conditions, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant.

95.    Defendant admits that it recognized Plaintiff-Decedent's mental illness but denies that it documented her chart as a "check-the-box" formality or that it demonstrated a pervasive system-wide policy. Defendant denies that it ignored Plaintiff-Decedent's symptoms or deliberately turned a blind eye to her suffering. Defendant admits that Plaintiff-Decedent refused some meals and liquids but denies that she lost 136 pounds in 5 months, denies that she starved

herself, and denies any evidence of deliberate indifference or that its actions were repugnant. Defendant would show that the Decedent repeatedly refused medical and mental health evaluation and treatment against medical advice.

96.     Defendant denies that it was indifferent to Plaintiff-Decedent. Defendant denies that it failed to treat Plaintiff-Decedent and would show that the Decedent repeatedly refused medical and mental health evaluation and treatment against medical advice. Defendant denies that it could have or should have medicated her or had her transferred to the State Hospital absent a Court's finding of incompetence. Defendant denies that its care was inadequate or resulted in the deprivation of Plaintiff-Decedent's basic needs. Defendant denies that failed to provide care to Plaintiff-Decedent.

97.     In relation to the averments in Paragraph No. 97 of the Fourth Amended Complaint related to basic human needs, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied. Defendant denies that it failed to provide for Plaintiff-Decedent's basic human needs and denies that they allowed her to refuse food and water for 150 days or that she did not eat or drink anything for 150 days. Defendant would show that the Decedent repeatedly refused medical and mental health evaluation and treatment against medical advice. Defendant admits that the Fifth Circuit has held that municipal entities and local governing bodies do not enjoy immunity from suit under a civil action for deprivation of rights.

**B. Defendants Bexar County, Salazar, UHS and Yao Violated Plaintiff-Decedent's Janice Dotson-Stephens' Right to be protected from Cruel and Unusual Punishment**

98.     In relation to the averments in Paragraph No. 98 of the Fourth Amended Complaint related to a pretrial detainee's rights, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the

extent they do, they are denied.

99.    In relation to the averments in Paragraph No. 99 of the Fourth Amended Complaint related to medical care, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied. Defendant denies that it denied medical care or to meet basic medical needs.

100.   Defendant denies that it detained Plaintiff-Decedent. Defendant denies that its actions amounted to cruel and unusual punishment of Plaintiff-Decedent. Defendant denies that it or its staff turned a blind eye to Plaintiff-Decedent's suffering, denies that it caused any pain and suffering, or that it ignored her presentation of mental illness. Defendant admits that Plaintiff-Decedent refused some meals and liquids, denies that she starved herself, and denies that Plaintiff-Decedent languished or suffered alone in an infirmary cell. Defendant would show that the Decedent repeatedly refused medical and mental health evaluation and treatment against medical advice. Defendant is without sufficient knowledge to admit or deny whether detention officers disregarded Plaintiff-Decedent's refusal of water and liquids or whether officers said she could drink from her cell sink.

101.   Defendant denies that it failed to treat Plaintiff-Decedent and would show that the Decedent repeatedly refused medical and mental health evaluation and treatment against medical advice. Defendant denies that the medical care it provided was inadequate or resulted in a deprivation of Plaintiff-Decedent's rights. Defendant denies that its actions amounted to cruel and unusual punishment. Defendant denies that the past transfer of the Decedent to the State Hospital is evidence of indifference or that the level of care provided by DHCS was inadequate and further denies that this amounted to a serious deprivation of human rights or cruel and

unusual punishment.

**C. Multiple Failure by Defendants Bexar County, Salazar, UHS and Yao to Maintain Minimum Standards, Along with Evidence of Intentional Noncompliance, Demonstrate a Pervasive Pattern and Practice of Dereliction of Duty to Protect and Keep Detainees Safe**

102.    Defendant denies a pattern and practice of noncompliance. Defendant denies a de facto policy of improperly protecting or caring for inmates or putting inmates at a substantial risk of serious harm. In relation to the averments in Paragraph No. 102 of the Fourth Amended Complaint related to the Texas Code of Criminal Procedure, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied. Defendant denies that it failed to follow documented policies and procedures under state and local law. Defendant denies that the Decedent was starving. Defendant would show that the Decedent repeatedly refused medical and mental health evaluation and treatment against medical advice. Defendant denies that it failed to comply with state and local law. Defendant that Plaintiff-Decedent would be alive today if she had been medicated, evaluated and treated.

103.    Defendant is without sufficient knowledge to admit or deny the number of deaths, suicides and escapes associated with the Bexar County Jail. Defendant is without sufficient knowledge to admit or deny whether such statistics indicate that Defendant Bexar County or Defendant Salazar failed to follow the Texas Code of Criminal Procedure.

104.    Defendant denies violating state statutes. Defendant denies that it violated sections of the Texas Code of Criminal Procedure. Defendant denies that it failed to follow or was required to follow procedures for magistration timelines, prisoner access to mental health professional, continuity of prescription medication requirements, mandatory training or reporting requirements for mentally ill defendants. Defendant denies that it was required to make a good

faith effort to divert Plaintiff-Decedent to a treatment center. Defendant denies that it violated sections of the Texas Government Code. Defendant denies that it was required to provide adequate safety to Plaintiff-Decedent or provide supervision or control over the jail. Defendant denies that it violated the "Reporting Requirements" under Texas Senate Bill 1326. Defendant denies that it was required to follow procedures under the Reporting Requirements bill. Defendant denies that it was required to meet minimum standards under the Texas Commission on Jail Standards and denies that it was cited for violations of the Texas Administrative Code. Defendant denies that the Decedent did not undergo a competency evaluation.

105.    Defendant is without sufficient knowledge to admit or deny whether Bexar County Jail met the minimum statutory standards required by the Texas Commission on Jail Standards. Defendant denies that it was cited with multiple deficiencies. Defendant denies that it was advised to "promptly initiate and complete corrective measures."

106.    Defendant denies that it failed to maintain minimum standards or that it failed to comply with law. Defendant denies a pattern and practice of dereliction of duty to protect and keep safe detainees during their incarceration. Defendant denies a blatant disregard for policies and procedures required for mental health. Defendant denies a lack of training and a lack of reassessing inmate classification. Defendant denies responsibility for hiring employees in screening intake areas. Defendant denies intentional circumvention of systems to skip areas of required fields in the grievance tracking system.

### D. Defendants Bexar County, Salazar, UHS and Yao Violated Plaintiff-Decedent's Janice Dotson-Stephens' Rights by Failing to Train and/or Supervise Subordinates

107.    Defendant denies violating Plaintiff-Decedent's constitutional rights. Defendant denies acting with deliberate indifference and denies failing to follow the law. Defendant denies that it failed to train or supervise its subordinates and denies that such a failure violated Plaintiff-

Decedent's rights.

108.   Defendant denies that it violated sections of the Texas Administrative Code. Defendant denies that it failed to train staff or follow procedures for intake screening to identify mental illness. Defendant denies that it failed to provide supervision. Defendant denies that it failed to verify Plaintiff-Decedent's prior mental health at intake.

109.   Defendant denies that the "Annual Report" applies to it or was directed at it. Defendant denies that it was advised to "promptly initiate and complete corrective measures." Defendant denies that it was deficient or that it was required to provide training records for detention officers.

110.   Defendant denies that it failed to train. Defendant denies that it should have known that a failure to train would cause employees to violate members of the public's constitutional rights. Defendant denies that it chose to ignore training programs.

### Count III
### Unconstitutional Episodic Acts and Omissions

111.   In relation to the averments in Paragraph No. 111 of the Fourth Amended Complaint related to episodic acts or omissions, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied. Defendant is without sufficient knowledge to admit or deny whether Defendants Salazar, Kohlleppel or Lozito acted with deliberate indifference or whether they engaged in a pattern and practice of indifference to Plaintiff-Decedent's constitutional rights. Defendant denies it is liable for Section 1983 violations.

112.   In relation to the averments in Paragraph No. 112 of the Fourth Amended Complaint related to subjective knowledge and *Rodriguez*, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To

the extent they do, they are denied. Defendant denies that it engaged in per se violations of Texas statues or in noncompliance with department and agency guidelines. Defendant is without sufficient knowledge to admit or deny what the individually named Defendants knew or whether they chose to disregard risks.

113.    Defendant is without sufficient knowledge to admit or deny whether Defendants Salazar or Lozito violated "General Duties" required under the Texas Government Code. Defendant admits that the Fifth Circuit has held that municipal entities and local governing bodies do not enjoy immunity from suit under a civil action for deprivation of rights.

**A. Defendants Kohlleppel Had Knowledge of a Risk of Serious Harm to Plaintiff-Decedent by Not Following Departmental Procedures and Chose to Disregard that Risk**

114.    Defendant is without sufficient knowledge to admit or deny whether Defendant Kohlleppel is entitled to qualified immunity or whether he could have believed his actions were lawful. In relation to the averments in Paragraph No. 114 of the Fourth Amended Complaint related to what law enforcement officers and government officials are presumed to know, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied.

115.    Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent had an extensive police record with the San Antonio Police Department. Defendant is without sufficient knowledge to admit or deny whether Plaintiff-Decedent had at least three explicitly identified "mental health disturbance" situations requiring emergency mental health detentions. Defendant denies that Plaintiff-Decedent's mental health history spanning decades was readily accessible to it at arrest and throughout her incarceration.

116.    Defendant admits that Defendant Kohlleppel was required to follow department guidelines but is without sufficient knowledge to admit or deny whether he failed to do so.

Defendant is without sufficient knowledge to admit or deny where San Antonio Police Department policies are set forth. Defendant is without sufficient knowledge to admit or deny whether Defendant Kohlleppel demonstrated deliberate indifference. Defendant is without sufficient knowledge to admit or deny Defendant Kohlleppel's actions at the time of Plaintiff-Decedent's arrest.

117. Defendant is without sufficient knowledge to admit or deny whether discovery is necessary to determine whether Defendant Kohlleppel attended and received required training on handling mentally ill persons.

118. Defendant is without sufficient knowledge to admit or deny whether discovery is necessary to determine whether the City of San Antonio or the San Antonio Police Department had adequate training programs. Defendant is without sufficient knowledge to admit or deny whether the city or its officers failed in their handling of the arrest of Plaintiff-Decedent or her incarceration. Defendant is without sufficient knowledge to admit or deny whether such alleged violations implicates the entire San Antonio Police Department or City of San Antonio for violation of Plaintiff-Decedent's civil rights.

119. Defendant denies that the information and evidence obtained thus far demonstrates any willful violations or deliberate indifference of multiple laws or procedures by Defendant. Defendant denies turning a blind eye to willful violations of law or policy. Defendant is without sufficient knowledge to admit or deny whether the Bexar County Jail unconstitutionally denied Plaintiff-Decedent of her liberty.

**Count IV**
**Discrimination by Defendants Bexar County, University Hospital Services, and City of San Antonio under the ADA and Rehabilitation Act**

120. In relation to the averments in Paragraph No. 120 of the Fourth Amended

Complaint related to the Americans with Disabilities Act and the Rehabilitation Act, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied.

121.   Defendant admits that it is an entity that must abide by the ADA and Rehabilitation Act. Defendant denies that it failed to reasonably accommodate Plaintiff-Decedent. Defendant denies isolating Plaintiff-Decedent, denies detaining her for five months and would show that the Decedent repeatedly refused medical and mental health evaluation and treatment against medical advice. Defendant denies that the failure to medicate the Decedent was the result of a failure to accommodate her mental health disorder or that it should have intervened when she refused evaluation or meals.

122.   In relation to the averments in Paragraph No. 122 of the Fourth Amended Complaint related to the Americans with Disabilities Act and the Rehabilitation Act, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied.

123.   Defendant denies that the first prong is met or was easily identifiable because Plaintiff-Decedent received Social Security Disability benefits, had a history of schizophrenia and had previously been found incompetent for aggravated assault,

124.   In relation to the averments in Paragraph No. 124 of the Fourth Amended Complaint related to the Americans with Disabilities Act and the Rehabilitation Act, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied. Defendant denies discriminating against the Decedent because of her inability to pay bail, and denies that the conditions of her confinement led to her death.

125.    In relation to the averments in Paragraph No. 125 of the Fourth Amended Complaint related to the standard to be used for the third prong of a discrimination claim, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied. Defendant denies discriminating against Plaintiff-Decedent because of her inability to pay bail. Defendant denies discriminating against Plaintiff-Decedent because of her disability and causing her death.

126.    Defendant denies that the facts and claims alleged in the Fourth Amended Complaint support Plaintiffs' claims for intentional discrimination by this Defendant under the ADA or Rehabilitation Act. Defendant denies that Dr. Garcia was "with UHS" but admits that Dr. Garcia charted that the Plaintiff-Decedent was "vile" in the context of an attempted psychiatric evaluation. Defendant would show that the charting referred to Plaintiff-Decedent's conduct during the exam. Defendant denies that Plaintiff-Decedent lost 136 pounds in 150 days, as the medical records indicate she refused to be weighed at medical screening, and further denies that it violated the ADA or Rehabilitation Act and would show that the Decedent repeatedly refused medical and mental health evaluation and treatment as well as food and fluids against medical advice. Defendant denies ignoring Plaintiff-Decedent and would show that the Decedent repeatedly refused medical and mental health evaluation and treatment against medical advice, in the face of attempts to provide same on a daily basis. Defendant denies it had authority to treat the Decedent with anti-psychotic medication against her wishes, and further denies that such medication was medically indicated.

127.    Defendant is without sufficient knowledge to admit or deny whether the arresting officers discriminated against Plaintiff-Decedent or disregarded department policies. Defendant is without sufficient knowledge to admit or deny whether police officers employed by the City of

San Antonio routinely transport arrestees to jail rather than to the hospital. Defendant is without sufficient knowledge to admit or deny what is commonly known throughout magistration. Defendant is without sufficient knowledge to admit or deny whether booking at the jail rather than transport to the hospital was a common practice. Defendant is without sufficient knowledge to admit or deny whether such a practice led to her death. Defendant denies discriminating against Plaintiff-Decedent on the based on her mental disability.

### Damages

128.    Defendant denies that it is jointly or severally liable for the alleged wrongs raised in the Fourth Amended Complaint. Defendant denies directly participating in, acting in concert with, or encouraging, aiding, abetting, committing or ratifying and condoning the acts and omissions alleged in the Fourth Amended Complaint.

129.    Defendant denies that Plaintiffs or Plaintiff-Decedent suffered compensatory, special or punitive damages or that they are entitled to such damages.

130.    Defendant denies that its acts or omissions, and the acts or omissions of its agents, employees and representatives, proximately caused or were the moving force of the injuries and damages that Plaintiffs allege. Defendant denies that its acts or omissions, and the acts or omissions of its agents, employees and representatives, proximately caused or were the moving force of Plaintiff-Decedent's death. Defendant admits that Plaintiffs have asserted a 42 U.S.C. §1983 claim but denies they have asserted wrongful death and survival claims.

131.    Defendant is without sufficient knowledge to admit or deny whether Plaintiffs Michelle Dotson, Bridgette Lott, Reginald Stephens or Ronald Dotson are the heirs at law to the Estate of Janice Dotson-Stephens. Defendant denies that Plaintiffs Michelle Dotson, Bridgette Lott, Reginald Stephens or Ronald Dotson have asserted a survival claim. Defendant denies that

the estate has incurred damages or is entitled to damages.

132.    Defendant denies that Plaintiffs Michelle Dotson, Bridgette Lott, Reginald Stephens or Ronald Dotson have asserted a wrongful death claim. Defendant denies that Plaintiffs have incurred damages or are entitled to damages.

133.    In relation to the averments in Paragraph No. 133 of the Fourth Amended Complaint related to wrongful death and survival actions, such averments are statements of law and Plaintiffs' interpretations of the law and do not require admission or denial by Defendant. To the extent they do, they are denied. Defendant admits that Plaintiffs assert that they seek wrongful death and survival remedies to fully compensate them, but Defendant denies that Plaintiffs are entitled to such damages, or to assert such state law claims without proper pleadings.

134.    Defendant admits that Plaintiffs assert that they seek attorney's fees and court costs, but Defendant denies that Plaintiffs are entitled to such damages.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSIVE MATTERS

135.    Defendant asserts this cause of action should be dismissed because Plaintiffs have failed to state a claim upon which relief can be granted.

136.    Defendant specifically denies that any act or omission on its part proximately caused any of Plaintiffs' alleged injuries or damages, or the Decedent's death.

137.    Defendant affirmatively states that any damages suffered by Plaintiffs were caused solely by Plaintiffs and/or the acts of a third party.

138.    Defendant specifically denies that it deprived Plaintiff-Decedent of any of her rights, privileges or immunities secured by the United States Constitution or any other law.

139.    Defendant objects to Plaintiff's claim for exemplary damages or any award of exemplary damages for the reason that any such award of exemplary or punitive damages would

be a denial of Defendant's constitutional rights pursuant to the Texas and United States constitutions for reasons including, but not limited to, the following:

a.     The standard for an award of punitive damages is unconstitutionally vague. It allows standard less discretion to the jury to determine punishment. It further deprives Defendant of prior notice of the conduct for which it could be punished or the magnitude of the potential punishment. Accordingly, the standard for the imposition of punitive damages is unconstitutionally vague and is further constitutionally defective as ex post facto legal penalty as proscribed by the Texas and United States Constitutions.

b.     Any award or punitive or exemplary damages would violate the Defendant's rights to due process of law. An award of punitive damages is clearly in the nature of a criminal penalty. However, unlike recognized criminal penalties, the current standard for an award of punitive damages places little or no restrictions or limitations whatsoever on the jury's discretion. Defendant is given no advance notice that a particular course of conduct may subject it to punishment and is given no notice as to the particular amount or magnitude of punishment that may result. Consequently, any award of punitive damages against this Defendant would violate its due process rights pursuant to the Texas and United States Constitutions. Further the burden of proof is unconstitutional and improperly low to justify an award of punitive damages. Defendant objects to such burden of proof as in violation of its rights to due process of law and equal protection of the law pursuant to the Texas and United States Constitutions.

c.     The civil justice system is intended only to allow a claimant to be made whole and not intended to impose punishment. Defendant contends that any award of damages in excess of Plaintiff's actual damages would violate its rights to due process of law, equal protection of the law, and would constitute an unconstitutionally excessive fine as forbidden by the Texas and United States Constitutions.

d.     Defendant is subjected to all hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines, but Defendant receives none of the basic rights accorded to a criminal Defendant when being subjected to possible criminal penalties.

e.     The assessment and award of punitive and/or exemplary damages is in violation of the Eighth Amendment of the United States Constitution as it applies to the Fourteenth Amendment of the United States Constitution and Article I, Section 13 of the Texas Constitution in that such awards potentially constitute an excessive fine imposed without the protection of fundamental due process.

f.     Insomuch as Plaintiff prays for punitive or exemplary damages, an award of such damages should be denied for the reason that such an award violates the equal protection clause of the Fourteenth Amendment of the United States

Constitution and Article 1, Section 3 of the Texas Constitution in that:

> "The awarding of disproportionate judgments against defendants who commit similar offenses resulting in similar injury, but who differ only in material wealth, constitutes an arbitrary and invidious discrimination prohibited by said equal protection clauses."

140.    Defendant denies liability for punitive or exemplary damages and asserts and relies upon the caps and limitations upon exemplary damages established in Texas law, including, without limitation, Chapter 41 of TEX. CIV. PRAC. & REM. CODE. Defendant asserts that the provisions of TEX. CIV. PRAC. & REM. CODE § 41.001 et. seq. apply to the purported wrongful death and survival claims in this cause, including, but not limited to, Plaintiff's burden to prove entitlement to recovery of exemplary damages by clear and convincing evidence, the factors precluding recovery, the preclusion of pre-judgment interest, and the limitations on amounts of recovery. As a consequence:

a.    Plaintiff may not be awarded exemplary damages on his purported wrongful death and survival claims unless he establishes by clear and convincing evidence that Defendant acted with malice, which Defendant denies. TEX. CIV. PRAC. & REM. CODE §41.003. Defendant further requests that the jury be instructed as required by TEX. CIV. PRAC. & REM. CODE §41.012 with respect to any claim for exemplary damages, assuming such a claim should be submitted to the jury, which Defendant denies.

b.    In the unlikely event of any exemplary damage award, Defendant further invokes the provisions of TEX. CIV. PRAC. & REM. CODE §41.008 limiting any award of exemplary damages as prescribed therein.

141.    Defendant reserves the right to further respond and to assert affirmative defenses as may be indicated by discovery or investigation, including the defense of after-acquired

evidence.

142.    UHS would show that it is a political subdivision of the State of Texas which owns and operates health care facilities in Bexar County, Texas including Detention Health Care Services. Defendant pleads the doctrine of governmental immunity as a defense to Plaintiffs' cause of action, if any, and invokes all provisions and limitations of monetary liability contained in Chapter 101 of the Texas Civil Practice and Remedies Code (the Texas Tort Claims Act).

143.    Answering further, UHS denies that any of the personnel employed by Bexar County, the Bexar County Sheriff's Office or Pretrial Services were or are its agents, servants or employees as those terms are defined by the Texas Tort Claims Act and would show that it is not responsible through any theory of agency, apparent or ostensible agency, agency by estoppel, vice principal or alter ego or *respondeat superior* for the conduct of any person who is not a UHS employee.

144.    UHS denies that it can be held liable for pre-judgment interest in excess of its liability limits set out in the Texas Tort Claims Act.

145.    Defendant asserts its right to contribution, indemnity and a determination of the proportionate responsibility of all parties, settling parties and responsible third parties and invokes all provisions of Chapter 33 of the Civil Practice and Remedies Code.

146.    Defendant asserts that Janice Dotson-Stephens' injuries and damages, if any, were caused by third parties over whom it did not have the right to control and did not control.

147.    Defendant asserts the limitation on damages provided for in §74.301, §74.302, and §41.008 of the Texas Civil Practice and Remedies Code. Defendant further invokes all provisions contained in §41.0105 of the Civil Practice and Remedies Code and asserts that Plaintiffs' recovery of medical or health care expenses, if any, is limited to the amount actually

paid or incurred by or on behalf of the Plaintiff.

148.    Defendant alleges that, in the unlikely event it is found liable for future damages, as defined in §74.501 of the Civil Practice and Remedies Code, it is entitled to pay such damages, in whole or in part, in periodic payments rather than by a lump sum payment, as set out in §§74.501 to 74.507 of the Civil Practice and Remedies Code.

149.    Defendant asserts that Plaintiffs' claims for pre-judgment interest are limited by the dates and amounts set forth in Chapter 304 of the Texas Finance Code and/or any other applicable statute.

150.    UHS denies that it is liable for exemplary or punitive damages as a matter of law and denies that liability can be imposed on it for intentional conduct by its employees, including willful or wanton conduct.

151.    UHS denies that any UHS employee was negligent in providing care to the Decedent and further denies that an act or omission by a UHS employee in the course and scope of employment, if any involved the condition or use of real or tangible personal property or the use of a motor vehicle. UHS would show that allegations of "failure to keep safe from physical injury, harm, death, or psychological harm," "failure to screen and evaluate the mental status of persons placed in custody," "encouraging, aiding, abetting, committing or ratifying and/or condoning certain acts or omissions" do not state a claim for which immunity is waived.

152.    UHS denies that any of the corrections officers or Bexar County Sheriff Office personnel at the Bexar County Adult Detention Center or employees of Pretrial Services were or are its agents, servants or employees as those terms are defined by the Texas Tort Claims Act and would show that it is not responsible through any theory of agency, apparent or ostensible agency, agency by estoppel, vice principal or alter ego or *respondeat superior* for the conduct of

corrections officers at the Bexar County Adult Detention Center or Pretrial Services employees.

153.   UHS denies that Plaintiffs are entitled to recover attorney's fees for their negligence, wrongful death and survival claims.

154.   UHS denies that liability can be imposed on it for "negligence per se" and denies application of any theory of "institutional liability."

155.   Defendant would show that it provides medical and mental health services to inmates at the BCADC but that it is not responsible for arranging for court hearings, adjudications of incompetency, meetings with counsel, pre-trial diversion or setting bail.

156.   Defendant would show that every patient has the right to refuse treatment, to refuse food and water, and that, absent a Court's finding of incompetency and an order to provide medical treatment, it cannot compel or force food or water or medication on an inmate against their will.

157.   Defendant would show that Janice Dotson's death was the result of an underlying heart condition and that no act or omission on its part was a proximate cause of her death.

158.   Defendant would show that a proper recommendation for mental capacity evaluation was made; that the evaluation was timely conducted and that the results were timely communicated to the appropriate court personnel. This Defendant attempted, on multiple occasions, to follow up on the status of the competency hearing, to no avail.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by this action and that Defendant have judgment and recovery for its costs and attorney's fees, and for such other and further relief to which Defendant may show itself justly entitled.

Respectfully submitted,

LAURA A. CAVARETTA

State Bar No. 04022820
GABRIELLE O'CONNOR
State Bar No. 24100879

CAVARETTA, KATONA & LEIGHNER PLLC
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Telephone:  (210) 588-2901
Facsimile:  (210) 588-2908
cavarettal@ckl-lawyers.com

ATTORNEY FOR DEFENDANT,
BEXAR COUNTY HOSPITAL DISTRICT
d/b/a UNIVERSITY HEALTH SYSTEM

## CERTIFICATE OF SERVICE

This is to certify that a correct copy of the above and foregoing has this the ___5th___ day

of June, 2019 been forwarded to:

Leslie Sachanowicz                                    VIA E-FILING SERVICE
702 Donaldson Avenue, Suite 206
San Antonio, Texas 78201
les.law@hotmail.com
Attorney for Plaintiffs

Robert W. Piatt, III                                   VIA E-FILING SERVICES
Assistant District Attorney
Bexar County Criminal District Attorney
101 W. Nueva – Civil Division
San Antonio, Texas 78205
robert.piatt@bexar.org
Attorney for Bexar County,
Bexar County Pretrial Services,
Mike Lozito and Sheriff Javier Salazar

Mark Kosanovich                                        VIA E-FILING SERVICES
Fitzpatrick & Kosanovich, PC
P.O. Box 831121
San Antonio, Texas 78283-1121
mk@fitzkoslaw.com
Attorney for City of San Antonio
and Michael Kohlleppell:

LAURA A. CAVARETTA