IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHELLE DOTSON, INDIVIDUALLY AND PERSONAL REPRESENTATIVE OF THE ESTATE OF JANICE DOTSON-STEPHENS, DECEASED; BRIGITTE LOTT, INDIVIDUALLY; REGINOLD STEPHENS, INDIVIDUALLY; AND RONALD DOTSON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JANICE DOTSON-STEPHENS, DECEASED;<br><br>*Plaintiffs,*<br><br>vs.<br><br>BEXAR COUNTY HOSPITAL DISTRICT, D/B/A UNIVERSITY HEALTH SYSTEM;  BEXAR COUNTY, BEXAR COUNTY PRETRIAL SERVICES,  UNKNOWN/UNNAMED OFFICERS/EMPLOYEES OF THE BEXAR COUNTY SHERIFF'S OFFICE, UNKNOWN/UNAMED OFFICERS/EMPLOYEES OF THE BEXAR COUNTY HOSPITAL DISTRICT, D/B/A UNIVERSITY HEALTH SYSTEM; UNKNOWN/UNNAMED OFFICERS/EMPLOYEES OF THE BEXAR COUNTY PRETRIAL SERVICES, JAVIER SALAZAR, SHERIFF, OFFICIALLY AND INDIVIDUALLY; MIKE LOZITO, BEXAR COUNTY PRETRIAL SERVICES DIRECTOR, OFFICIALLY AND INDIVIDUALLY; MICHAEL KOHLLEPPEL, SAPD OFFICER, OFFICIALLY AND INDIVIDUALLY; THE CITY OF SAN ANTONIO, JESSICA C. YAO, UNIVERSITY HEALTH SYSTEMS DIRECTOR "ACTING DIRECTOR";<br><br>*Defendants.* | §§§§§§§§§§§§§ | SA-19-CV-00083-XR |

## ORDER

Before the Court in the above-styled cause of action is Plaintiffs' Motion for a Protective Order Regarding the In-Person Deposition of Defendant Bexar County's [sic][1] Expert Dr. Sanjay Adhia [#88], which was referred to the undersigned for disposition on February 27, 2021. Plaintiffs ask the Court for a protective order directing the parties to conduct the deposition of Plaintiff's expert witness Dr. Sanjay Adhia remotely via videoconference. Having considered the motion, the response [#89], and the reply [#93], the Court will grant the motion.

Defendant Bexar County has noticed the in-person deposition of Dr. Adhia. Plaintiffs requested that Bexar County agree to conducting the deposition via Zoom due to Dr. Adhia's concerns regarding the risk of exposing himself and his family to COVID-19 during the deposition. Bexar County refused to agree to a remote deposition. Plaintiffs have now moved for a protective order pursuant to Rules 26(c) and 30(d) of the Federal Rules of Civil Procedure, arguing that Dr. Adhia and his family are not yet vaccinated, and Dr. Adhia's wife—a severe asthmatic—is at a high risk for complications if she were to contract COVID-19. Currently, Dr. Adhia works remotely, and his family has remained isolated during the pandemic.

Bexar County filed a response to the motion [#89], in which it continues to oppose Plaintiffs' request for a remote deposition. Bexar County's response accuses Dr. Adhia of misrepresenting the degree to which he has been isolating during the pandemic and includes photographs of Dr. Adhia participating in an in-person interview, seated outside in his backyard, unmasked, in the presence of other people, to promote his expert witness practice. Bexar County argues that safety protocols such as social distancing and mask wearing should be sufficient to assuage any sincere fear of transmission and has agreed to an outdoor deposition, if needed.

---

[1] Dr. Adhia is Plaintiffs', not Defendant Bexar County's, expert.

Plaintiffs respond that the interview of Dr. Adhia cited in Bexar County's response was brief, approximately one hour in length, and Dr. Adhia was only unmasked for at most 15 minutes. The deposition (and therefore unmasked time) would be much longer, and more people would be present. Dr. Adhia's reply includes a chart from the *British Medical Journal* indicating that both contact time and occupancy levels are the most significant factors in assessing risk of exposure to COVID-19. The chart demonstrates that even an outdoor deposition—due to its length, the number of individuals present, and the requirement that Dr. Adhia be unmasked while speaking—is a high-risk activity.

Rule 26 provides that, upon a showing of good cause, this Court may issue an order to protect a person from undue burden or expense related to terms such as the time and place for discovery. Fed. R. Civ. P. 26(c)(1)(B). Rule 30 of the Federal Rules of Civil Procedure provides that "parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote electronic means." Fed. R. Civ. P. 30(b)(4). Other district courts faced with requests for leave to take a deposition by remote means during the pandemic have reasoned that leave should be granted liberally. *See, e.g.*, *Brown v. Carr*, 236 F.R.D. 311, 312 (S.D. Tex. 2006).

Plaintiffs have made a showing of good cause to conduct Dr. Adhia's deposition by remote means. The Court is unwilling to compel Dr. Adhia to attend an in-person deposition, in light of the continued high incidence of COVID-19 cases in the San Antonio area, the emergence of numerous variants of the virus that present an additional risk, the fact that Dr. Adhia and his family have not yet been vaccinated, and the presence of a high-risk individual in Dr. Adhia's household. There are rational and objective reasons an individual would be concerned about sitting for an in-person deposition during the pandemic, an activity that poses a high risk of

exposure to COVID-19. That other individuals and witnesses in this case do not share Dr. Adhia's concerns does not render Dr. Adhia's concerns unfounded or insincere.

On the flip side, Bexar County is not significantly prejudiced by this ruling. At most, Bexar County will suffer minimal inconvenience in conducting Dr. Adhia's deposition by videoconference. Many depositions have been taken by videoconference over the last several months. Because Plaintiffs have demonstrated good cause for the remote deposition, the Court will grant the requested protective order. Bexar County may either depose Dr. Adhia by videoconference, or withdraw its notice and postpone the deposition until a later date after Dr. Adhia and his family have received a vaccine and have adequate protection from the virus to proceed with the in-person deposition as noticed.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for a Protective Order Regarding the In-Person Deposition of Defendant Bexar County's [sic] Expert Dr. Sanjay Adhia [#88] is **GRANTED**. The parties are ordered to proceed with Dr. Adhia's deposition by remote means or to reschedule the deposition to a later date after he and his family members have been vaccinated to conduct the deposition in person.

SIGNED this 2nd day of March, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE